IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRUCT OF ARKANSAS

TAMMT HARGETT, INDIVIDUALLY
AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED                                                              PLAINTIFFS

vs.                                    No. 3:16cv200-JM-BD

REVCLAIMS, LLC; ST. BERNARD'S
HOSPITAL, INC.; ST. BERNARDS' COMMUNITY
HOSPITAL CORPORATION; BAPTIST HEALTH;
WHITE RIVER HEALTH SYSTEM, INC.; AND
JOHN DOES 1-100                                                                   DEFENDANTS

ORDER

Tammy Hargett brought this action in the Circuit Court of Craighead County on behalf of herself and all others similarly situated. Defendants filed a notice of removal pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2) on the basis that this is a putative class action in which there is a minimal diversity of citizenship and the amount in controversy exceeds $5 million. Defendants also stated that removal was proper under 28 U.S.C. §1453(b) because this is a class action as defined by CAFA. Hargett has moved to remand, narrowing her argument in her reply to the local controversy exception which she argues mandates a remand to Craighead County. For the reasons stated below, Garrison's motion to remand (Document No. 18) is granted.

Defendant has to the responsibility to prove federal jurisdiction, and it did so in its Notice of Removal by establishing minimal diversity (as the named Plaintiff is an Arkansas citizen and Defendant RevClaims, LLC, is a citizen of Missouri), by showing by affidavit that the amount in controversy exceeds the sum of $5 million. The class definition makes clear that the putative class consists of 100 or more members. "Once CAFA's initial jurisdictional requirements have been established by the party seeking removal, however, the burden shifts to the party seeking

1

remand to establish that one of CAFA's express jurisdictional exceptions applies." *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010).  Plaintiff does not challenge that Defendants have established the requirements for jurisdiction under CAFA.  Rather, Plaintiff argues that the Court must abstain from exercising jurisdiction under the local controversy exception pursuant to 28 U.S.C. §1332(d)(4)(A). Under this exception:

> (4) A district court shall decline to exercise jurisdiction under paragraph (2)—
> (A)(i) over a class action in which--
>> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>>
>> (II) at least 1 defendant is a defendant—
>>> (aa) from whom significant relief is sought by members of the plaintiff class;
>>>
>>> (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>>>
>>> (cc) who is a citizen of the State in which the action was originally filed; and
>>
>> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
>
> (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

28 U.S.C. §1332(d).  Defendants have stipulated that there has been no class action filed asserting the same or similar factual allegations against any of the Defendants in this lawsuit during the three-year period preceding the filing of this case (though there have been several after), satisfying the last requirement.  The Court finds that Plaintiff has established the remaining requirements of the local controversy exception.

In this class action, Plaintiff asserts on her own behalf and on behalf of a putative class that Defendant healthcare providers contracted with RevClaims, LLC to illegally collect accounts and receive monies from patients who were Arkansas Medicaid-eligible for services provided to these patients which were Medicaid-covered services. The complaint alleges that these collection efforts resulted in liens throughout Arkansas for inflated charges that greatly exceeded the Medicaid reimbursement rate. In establishing the local controversy exception, Plaintiff has defined the class as all persons who were Arkansas residents at the time the medical services which form the basis of the Complaint were provided to them. By restricting the class members to Arkansas residents (specifically, "people geographically disbursed across Arkansas;" Document 2, para. 48), Plaintiffs have sufficiently satisfied their burden of establishing that more than 2/3 of the class members are citizens of Arkansas. For clarity, Plaintiffs are directed to immediately amend her complaint to explicitly restrict the proposed class definition as to only include Arkansas citizens.

The second prong of the local controversy exception requires Plaintiff to prove that at least one defendant (1) is a defendant from whom significant relief is sought by members of the plaintiff class, (2) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and (3) who is a citizen Arkansas. In this case, the putative class members seek to recover for improperly claimed liens filed by RevClaims, LLC on behalf of the in-state Defendant healthcare providers to whom the class members assigned the right to collect payment for services from Arkansas Medicaid. Of the four named Arkansas healthcare providers, it is true as argued by Defendants that not every class member would have a claim against each of the four providers. However, even without having any information as to how many plaintiffs utilized which of the respective healthcare providers, it is reasonable to conclude that significant

relief, whether an even 25% divided among all four or some greater and lesser percentages ultimately allocated to the four named providers, is sought from at least one of the four local healthcare providers, and this is all that CAFA requires. Furthermore, the conduct of the local healthcare providers underlies all of Plaintiff's claims for damages, and there is no question that the conduct of these local defendants is a primary focus of the litigation. Therefore, the Court finds that Plaintiff has met her burden of proof as to this prong of the local controversy exception.

The third prong of the exception requires Plaintiff to establish that principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in Arkansas. As Plaintiff notes, the term "principal injuries" is not well defined, and both parties look to district court decisions from other circuits to support their arguments. Defendants challenge Plaintiff's establishment of the principal injury requirement by arguing that other states have similar Medicaid laws to the Arkansas statutes and that injuries that cross state lines are not subject to the local controversy exception. However, the Court agrees with Plaintiff that she has satisfied the principal injuries requirement because the proposed class seeks to recover for conduct that is made illegal by Arkansas laws for liens filed in Arkansas on behalf of Arkansas healthcare providers against Arkansas residents. While there are similar lawsuits currently ongoing, this case has a local focus and the local controversy exception applies.

For these reasons, Plaintiff's motion to remand (Docket No. 18) is GRANTED. Plaintiff is given until January 9, 2017, to amend her complaint to clarify the definition of the proposed class to explicitly restrict the proposed class definition as to only include Arkansas citizens, as previously provided herein, and then the Clerk is directed to remand this action to the Circuit Court of Craighead County, Arkansas.

IT IS SO ORDERED this 5th day of January, 2017.

_____
UNITED STATES DISTRICT JUDGE